No. 92-182

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CITY OF HELENA,

    Plaintiff and Respondent,

  -vs-

JOHN THOMPSON,

    Defendant and Appellant.

FILED

SEP 22 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    J. Mayo Ashley, Attorney at Law, Helena, Montana

    For Respondent:

    Robert J. Wood, City Attorney, Helena, Montana

Submitted on Briefs:  July 30, 1992

Decided:  September 22, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After a bench trial in City Court, defendant, John Thompson, was found guilty of driving under the influence of alcohol (DUI). Defendant appealed his case to the District Court for the First Judicial District, Lewis and Clark County, where he was found to be in "actual physical control" of the vehicle and was again found guilty. Defendant now appeals to this Court. We affirm.

The only issue raised was whether defendant was in "actual physical control" of the vehicle when he was arrested.

After drinking for several hours and becoming admittedly intoxicated, defendant left the Gold Bar and returned to his truck. Officer Davis, who was on routine patrol, noticed a truck with the brake lights on. He testified he heard the vehicle start and could see smoke or exhaust emanating from the tail pipe. He also testified that he heard the engine running loudly, backfiring and running roughly, and then the engine died. He then heard the engine being attempted to be started again. He noticed one person in the truck, who slid from the driver's seat across to the passenger side door. He then saw the person exit the truck and begin to stagger down the street. Defendant was subsequently arrested and charged with DUI.

Defendant maintains that he was not in actual physical control of the truck. He testified he never tried to start the engine, but only entered the truck to retrieve some property. He admits he was too intoxicated to drive.

The District Court found defendant to be in actual physical

2

control of the vehicle. It relied on State v. Peterson (1989), 236 Mont. 247, 769 P.2d 1221, in which the defendant was found to be in control of his vehicle when the car was found off the road in a ditch, with the defendant lying across the front seat with the keys in his pocket. The car was not running. In Peterson we said:

> Just as a motorist remains in a position to regulate a vehicle while asleep behind its steering wheel, so does he remain in a position to regulate a vehicle while asleep behind the steering wheel of a vehicle stuck in a borrow pit. He has not relinquished regulation of or control over the vehicle. It does not matter that the vehicle is incapable of moving. Movement of a vehicle is not required for 'actual physical control.'

Peterson, 769 P.2d at 1223.

We conclude that the rationale of Peterson is applicable here. We hold that the defendant was in "actual physical control" of his truck.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

3